892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon D. NOWLIN, Plaintiff-Appellant,
v.
COUNTY OF VENTURA, et al., Defendants-Appellees.
 No. 88-5686.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 14, 1989.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed with leave to amend Nowlin's first complaint, and dismissed with prejudice Nowlin's amended complaint, finding that he would never be able to state a claim under the facts alleged.
 
 
 3
 A pro se litigant such as Nowlin "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Karim-Panahi v Los Angeles Police Department, 839 F2d 621, 623 (9th Cir1988), quoting Noll v Carlson, 809 F2d 1446, 1448 (9th Cir1987). Moreover, "when a court dismisses a pro se complaint for failure to state a claim, the court should draft a few sentences explaining to the plaintiff the deficiencies and allow the plaintiff to amend." Hernandez v Denton, 861 F2d 1421, 1423 (9th Cir1988).
 
 
 4
 While the district court's second dismissal order explains the deficiencies of Nowlin's complaint, the first dismissal order did not. As a result, Nowlin has had no opportunity to take advantage of the court's guidance. He must be allowed to do so. On remand, the district court shall grant Nowlin leave to amend his complaint.
 
 
 5
 In addition, it appears from Nowlin's rather confused amended complaint that he may be able to state a claim under 42 USC § 1983 against particular county officials for a violation of his rights under the Fourth Amendment. He appears to allege that the address on the warrant was not his, and that the warrant was not supported by an affidavit. He may also have a claim that the search was carried out with unreasonable force by an excessive number of county officials. However, none of these allegations, nor any others Nowlin may be making, appears in a short and plain statement, as required by FRCP 8(a). Such a statement is necessary before the district court can assess accurately the nature of Nowlin's claims. If Nowlin amends his complaint to state his allegations clearly, he may avoid dismissal at this stage of the proceedings.
 
 
 6
 Defendants' request for sanctions pursuant to FRAP 38 is denied.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3